**Jace C. HOFFMAŃ, Appellant,**

v.

**Carolyn Sue HOFFMAN, Appellee.**

**No. 13–90–024–CV.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 14, 1991.
Rehearing Overruled March 14, 1991.

Janis Graham Jack, Catherine N. Tyree, Corpus Christi, for appellant.

Larry J. Adams, Corpus Christi, for appellee.

Before SEERDEN, KENNEDY, and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

Jace C. Hoffman appeals a court-ordered increase in his child support obligation pursuant to his original Decree of Divorce. By six points of error, he alleges that the trial court abused its discretion or erred in modifying the provisions of the agreement because 1) they were contractual and enforceable under the rules of contract law, 2) there is no evidence or insufficient evidence of a change of circumstances of the children, 3) there is no evidence or insufficient evidence that the monthly needs of the children are $1500.00, 4) the contractual alimony and present child support should have been considered in the net resources of appellee, appellant's ex-wife, and 5) appellee is estopped from seeking an increase in child support payments.

Appellant was divorced from Carolyn Sue Hoffman on February 28, 1986. Carolyn was appointed managing conservator of the couple's two daughters, who at that time were ages fourteen and eleven. Jace was appointed possessory conservator. Pursuant to the terms of the divorce decree, Jace was ordered to pay child support to Carolyn in the amount of $800.00 per month for both children and $300.00 per month for one child. He also contractually agreed to pay the same amount. On May 24, 1988, Carolyn filed a Motion to Modify the support order, alleging that the circumstances of the children or a person affected by the order or a portion of the decree providing for the support of the children had materially and substantially changed since the entry of the original order. Jace alleged, as he does on appeal, that the child support order and other provisions of the decree were contractual and, as such, could not be modified absent consent of both parties or in the absence of fraud, accident, or mistake. The trial court found that the financial needs of the children had materially and substantially increased since the entry of the original order and modified the child support order to $1500.00 per month for the two children and $1,125.00 for one child. We affirm the trial court's judgment.

By his first two points of error, Jace alleges that the trial court erred in modifying his child support obligation because the provision in the decree regarding child support was contractual in nature. The final decree provided:

4. *Agreement of the Parties.* The parties have consented to the terms of this decree and stipulated it is a contract in all respects, *including but not limited to the child support*, alimony and division of property divisions which shall be *likewise enforceable* by contract. (emphasis added).

Appellant relies on Tex.Fam.Code Ann. § 14.06(a) and (d) (Vernon 1986) to support his position that parties in divorce cases may reach and enter agreements regarding child support. He further argues that these sections of the Family Code legislatively recognize that it is in the best interest of the children to allow the parties to make child support agreements binding under the rules of contract. Section 14.06(d) provides:

> Terms of the agreement set forth in the decree may be enforced by *all remedies available for enforcement of a judgment, including contempt,* but are not enforceable as contract terms *unless the agreement so provides.* (emphasis added).

Appellant asserts that because the agreement in the instant case specifically provides that it would be enforced as a contract, the court cannot amend the terms of support absent Carolyn's submitting pleadings and proof of the legal prerequisites for modification of a contract: Fraud, accident or mistake.

In support of this argument, appellant relies on the cases of *Ruhe v. Rowland,* 706 S.W.2d 709, 711 (Tex.App.—Dallas 1986, no writ), and *Dorshaw v. Dorshaw,* 635 S.W.2d 783, 785 (Tex.App.—Corpus Christi 1982, no writ). In *Ruhe,* the appellant complained that the trial court had lacked authority to modify a settlement agreement between the parties which provided for support. In that case, the court held that the trial court did lack such authority in the absence of fraud, accident or mistake (except by consent of the parties). The court rationalized that the duty to make support payments arose from an agreement of the parties and their rights and obligations were governed by the rules relating to contracts. The court noted that at the time of divorce there were two separate sources of the husband's liability for child support: An agreement incident to divorce and the judgment itself. Although the court did not have the authority to modify the terms of the settlement agreement, the court explained, it did have authority to modify the judgment. The

agreement incident to divorce continued to exist as a separate source of liability.

█ In *Dorshaw,* this Court interpreted Section 14.06 to mean that unless the parties stipulate that the agreement is to survive the judgment and be enforceable as a contract, contract law no longer governs. We further noted that Tex.Fam.Code.Ann. § 14.08(c)(2) grants the court the power to modify child support provisions. Because our courts are charged with the responsibility and welfare of minor children in divorce cases, the court has a right and duty to modify support orders when justified by the facts and circumstances. *Dorshaw,* 635 S.W.2d at 785 (citing *Duke v. Duke,* 448 S.W.2d 200 (Tex.Civ.App.—Amarillo 1969, no writ)).

█ We find the cases of *Brady v. Hyman,* 230 S.W.2d 342 (Tex.Civ.App.—San Antonio 1950, no writ) and *Hyman v. Brady,* 230 S.W.2d 345 (Tex.Civ.App.—San Antonio 1950, no writ) particularly illuminating. In *Brady,* the ex-wife appealed from a reduction of child support payments, contending that the support provisions of the divorce decree were based upon a contract and that the court erred in changing the terms of the contractual provisions. As a contract, the agreement for support could not be modified by the court in the absence of fraud, accident, or mistake. Because the order in that case purported to affect and modify the settlement agreement upon which the provisions of the decree relating to child support were based, the court of appeals held that the modification was erroneous. The court further noted, however, that the child support provision of the decree, based on statute and enforceable by contempt proceedings, was subject to court modification. *Brady,* 230 S.W.2d at 344–45. The *Hyman* case (which involved the same parties) was a suit by the ex-wife to recover the balance due on a note and to recover delinquent payments under the settlement agreement. The court held that because the agreement was contractual in nature, the ex-wife was entitled to recover judgment against the ex-husband based upon the contract. *Hyman,* 230 S.W.2d at 346. We glean from these cases that child

support may be provided for in two separate manners: By court order and by contract. *See Alford v. Alford,* 487 S.W.2d 429, 432–433 (Tex.Civ.App.—Beaumont 1972, writ dism'd); *Mobley v. Mobley,* 221 S.W.2d 565, 568 (Tex.Civ.App.—San Antonio 1949, no writ).

With these guidelines in mind, we must next determine whether the court modified the contractual settlement agreement or its own order. The Final Decree of Divorce entered on February 28, 1986 contains the following language:

*Agreement Incident to Divorce.* The court finds the parties have entered into an Agreement Incident to Divorce. The court approves the agreement and makes it part of the Decree as if it were recited verbatim.

Paragraph 9 of the Decree further provides:

*Child Support.* IT IS ORDERED AND DECREED that Jace C. Hoffman *is obligated to pay, and, shall pay* to Carolyn Sue Hoffman child support of $800.00 per month.... (emphasis added).

The Agreement Incident to Divorce provides:

*Child Support.* Jace D. Hoffman [sic] *will* pay to Carolyn Sue Hoffman child support of $800.00 per month.... (emphasis added).

In her Motion to Modify the child support payments, Carolyn pleaded that "the order to be modified is entitled Final Decree of Divorce ... dated February 28, 1986." The court order modifying the child support award refers to the "order sought to be modified" and further states that "all other rights specifically set forth in the original Decree of Divorce respecting children of the marriage and not specifically modified or change [sic] by this order shall remain in full force and effect."

Clearly, Carolyn sought to modify the Decree of Divorce which ordered Jace to pay monthly child support. This Decree was a court order, enforceable by contempt, and subject to subsequent modification by the court. *See Alford,* 487 S.W.2d at 433. Thus, the trial court did not abuse its discretion in modifying the prior support

order. Appellant's first and second points of error are overruled.

Accordingly, our next step is to determine whether the circumstances had materially and substantially changed to justify the increase in child support. By his third point of error, appellant alleges that the trial court erred in modifying the support provisions because there was no evidence or insufficient evidence of a change in circumstances.

Under Tex.Fam.Code Ann. § 14.08 (c)(2) (Vernon Supp.1991), a successful movant must show by a preponderance of the evidence that "the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of its rendition...." In making its determination, the trial court is given broad discretion in setting and modifying child support payments and, absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. *Anderson v. Anderson,* 767 S.W.2d 163, 164 (Tex. App.—Houston [14th Dist.] 1988, no writ).

At the time of the divorce, the children were ages eleven and fourteen. At the time of the modification of the order, they were ages seventeen and fourteen. Appellee testified at the hearing that the expenses of the two girls had risen significantly since the original decree. She testified that because she works full-time, it was necessary to purchase a 1983 used automobile so that the older child could drive herself and her sister to school, to after-school extracurricular activities, and to run various other errands. Further, appellee testified that the children are involved in more activities such as clubs and retreats which require more financial assistance for membership and events. She testified that the children's expenses have increased for things such as make-up, clothing and underclothing, jewelry, allowances, and car expenses which did not exist at the time of the divorce.

Appellant testified that his annual salary was in excess of $115,000.00. Although, according to his testimony, he has not re-

ceived the bonuses and other benefits that he was receiving at the time of the divorce, his base salary has remained stable. Appellee testified that her monthly net salary was $1300.00, and that after paying all monthly expenses, she did not even "break even." A review of the testimony leads us to the conclusion that the trial court did not abuse his discretion in modifying the support provision of the divorce decree. Appellant's third point of error is overruled.

 By his fourth point of error, appellant alleges that the trial court erred in applying the Supreme Court Guidelines for child support because there is no evidence or insufficient evidence that the monthly needs of the children total $1,500.00. Tex. Fam.Code Ann. § 14.055(c) (Vernon Supp. 1991) provides that if an obligor has monthly net resources in excess of $4,000.00 (which appellant does) the court shall presumptively apply the child support guidelines mandated by that section to the first $4,000.00 of the obligor's net resources. In this case, that amount would be $1,000.00 and $800.00 respectively (25% of obligor's net resources for two children and 20% of obligor's net resources for one child). See Tex.Fam.Code Ann. § 14.055(b) (Vernon Supp.1991). Section 14.055(c) further provides that "[w]ithout further reference to the percentage recommended by these guidelines, the court may order additional amounts of child support as proven, depending on the needs at the time of the order." Because of the aforementioned testimony that the needs of the children increased and the wide latitude afforded to the trial court's decision, we hold that the trial court did not abuse its discretion in increasing appellant's child support obligation. Appellant's fourth point of error is overruled.

By his fifth point of error, appellant alleges that the trial court abused its discretion by failing to consider the contractual alimony in the net resources of Carolyn as well as the child support she was receiving prior to the court-ordered modification. However, the trial court made such determination in its findings of fact numbers two and three. Therefore it cannot be ar-

gued that the trial court did not consider these resources when it modified the support provision of the divorce decree. Appellant's fifth point of error is overruled.

 By his sixth point of error, appellant alleges that the trial court erred in modifying the child support provisions of the divorce decree because appellee is estopped to seek an increase in child support payments. Appellant concentrates this argument on the contractual nature of the Agreement Incident to Divorce. In doing so, appellant ignores the fact that the order sought to be modified was not the agreement; rather, it was the court's support order which was subject to the court's modification. Appellant's sixth point of error is overruled, and the judgment of the trial court is affirmed.