NUMBER 13-03-496-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
DEBORA PERRY,                                                                         Appellant,
v.
CALVIN LAWRENCE PERRY,                                                      Appellee.



On appeal from the 94th District Court
of Nueces County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Rodriguez and Garza
 
                            Opinion by Chief Justice Valdez
          This is an appeal


 of an order denying a request for modification of a child support
order. In two issues, appellant, Debra Perry, contends: (1) the trial court erred by refusing
to increase support payments to an amount stipulated by the parties, and (2) the trial court
erred by failing to include a lump sum payment in determining the net resources of 
appellee, Calvin Perry. We affirm.
I. Procedural and Factual History
          The trial court signed the original divorce decree in 1992 setting child support at 
$200.00 per month. On July 21, 1994, the trial court signed an order modifying child
support, increasing support to $422.00 per month. Appellant filed her current request for
modification on November 27, 2001, requesting an additional increase in support. 
Between 1994 and November 2001, appellee remarried and gained stepchildren. On
November 29, 2001, appellee received a lump sum payment from an arbitration award for
working in hazardous conditions, known as Environmental Differential Pay (herein “EDP”).
          The trial court appointed a special master, Lanette Joubert,


 to determine appellee’s
net resources and establish a support amount in accordance with applicable guidelines. 
See Tex. Fam. Code Ann. § 154.125 (Vernon 2002). Joubert determined that $585.18
would be the correct monthly support amount, and the parties stipulated that the amount
was within the guidelines. See id. The lump sum EDP award was not considered in
calculating appellee’s net resources in establishing the support amount. The trial court
denied appellant’s request for modification. 
II. Analysis
A. Modification of Child Support 
          In her second issue, appellant asserts the trial court erred “when it refused to
increase child support from $422.00 to $565.24


 based on the parties’ stipulation, a
$143.24 per month increase.” 
Standard of Review
          The trial court has broad discretion in setting and modifying child support payments,
and, absent clear abuse of discretion, the trial court's order will not be disturbed on appeal.
See Hoffman v. Hoffman, 805 S.W.2d 848, 851 (Tex. App.–Corpus Christi 1991, writ
denied). The test for abuse of discretion is whether the court acted arbitrarily or
unreasonably, that is, without reference to guiding rules and principles. Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). In determining whether
modification is appropriate, the trial court should compare the circumstances of the child
and the parents at the time the prior decree was rendered with the circumstances existing
at the time modification is sought. MacCallum v. MacCallum, 801 S.W.2d 579, 583 (Tex.
App.–Corpus Christi 1990, writ denied). 
          In this case, no findings of fact or conclusions of law were requested or filed. It is
therefore implied that the trial court made all findings necessary to support its judgment. 
Lemons v. EMW Mfg. Co., 747 S.W.2d 372, 373 (Tex. 1988); In re W.E.R., 669 S.W.2d
716, 717 (Tex. 1984). In determining whether some evidence supports the judgment and
the implied findings of fact, "it is proper to consider only that evidence most favorable to
the issue and to disregard entirely that which is opposed to it or contradictory in its nature."
Renfro Drug Co. v. Lewis, 235 S.W.2d 609, 613 (Tex. 1950). The judgment must be
affirmed if it can be upheld on any legal theory that finds support in the evidence. In re
W.E.R., 669 S.W.2d at 717. Analysis
          Section 156.401 of the family code sets forth the grounds for modification of a child
support order. See Tex. Fam. Code Ann. § 156.401(a) (Vernon 2002). It states that a court
may modify an order that provides for support of a child if:
(1) the circumstances of the child or a person affected by the order have
materially and substantially changed since the earlier of:
 
          (A) the date of the order's rendition; or
 
(B) the date of the signing of a mediated or collaborative law
settlement agreement on which the order is based; or
 
(2) it has been three years since the order was rendered or last modified and
the monthly amount of the child support award under the order differs by
either 20 percent or $100 from the amount that would be awarded in
accordance with the child support guidelines.
 
Id. Section 156.402 states that "the court may consider the child support guidelines for
single and multiple families . . . to determine whether there has been a material or
substantial change of circumstances . . . that warrants a modification of an existing child
support order if the modification is in the best interest of the child." Id. § 156.402(a)
(emphasis added). That section also states that "if the amount of support contained in the
order does not substantially conform with the guidelines for single and multiple families
under Chapter 154, the court may modify the order to substantially conform with the
guidelines if the modification is in the best interest of the child." Id. § 156.402(b) (emphasis
added). A court may also consider other relevant evidence in addition to the factors listed
in the guidelines. Id. Thus, a court retains broad discretion in making the equitable
decision of whether to modify a prior support order. Hoffman, 805 S.W.2d at 851. 
          Appellant does not contend that there has been a material and substantial change
of circumstances to warrant a modification; rather, appellant asserts entitlement to
modification under section 156.401(a)(2) as: (1) it has been more than three years since
the order was rendered or last modified, and (2) the monthly amount of support stipulated,
$565.24, differs by $143.24 from the current amount, $422.00. See Tex. Fam. Code Ann.
§ 156.401(a)(2) (Vernon 2002). However, although section 156.401(a)(2) does not require 
appellant to show a material and substantial change in circumstances, modification is still
at the discretion of the trial court. Id. 
          We cannot say that the trial court abused its discretion. The trial court was entitled 
to consider the guidelines and the parties stipulations in making its determination, but was
not required to do so or hold in accordance with the guidelines and stipulations. Hoffman,
805 S.W.2d at 851. Further, there is sufficient evidence to support the trial court’s
conclusion in comparing the circumstances of the child and the parents at the time the prior
decree was rendered with the circumstances existing at the time modification is sought. 
Between 1994 and the date appellant requested this modification, appellee remarried and
gained stepchildren. Furthermore, there is insufficient evidence to overcome the
presumption that the trial court made all the findings necessary to support its judgment. 
Accordingly, we overrule appellant’s second issue. 
B. Net Resources
          In her first issue, appellant complains that the trial court erred by not including the
lump sum EDP award in appellee’s net resources. However, in order to present a
complaint for appellate review, the record must reflect that the movant made a timely
objection and the trial court "(A) ruled on the request, objection, or motion, either expressly
or implicitly; or (B) refused to rule . . . and the complaining party objected to the refusal."
Tex. R. App. P. 33.1(a)(2); see In the Interest of Z. L. T., 124 S.W.3d 163, 165 (Tex. 2003). 
Appellant failed to preserve the error; rather, appellant stipulated that the amount
calculated by the special master was correct with full knowledge that the EDP award was
not included in establishing appellee’s net resources. Accordingly, we overrule appellant’s
first issue.
III. Conclusion
          We affirm the judgment of the trial court.            
              
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 


Memorandum Opinion delivered and filed
this 30th day of September, 2004.