02-09-309-CV
















 

 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00309-CV

 


 
 
 IN THE INTEREST OF T.A.W., L.J.W., M.M.W., AND
 J.M.W., MINOR CHILDREN
 
 
  
 
 
  
 
 


                                                                                                                             

------------

 

FROM THE 78TH
 DISTRICT COURT OF WICHITA
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I. 
Introduction

In
five issues, Appellant Father appeals from the trial court’s denial of his
petition to modify child support, arguing that the trial court abused its
discretion by denying his request to reduce his child support obligation.  We reverse and remand.

II.  Factual and Procedural Background

As
set forth in the December 2005 final decree of divorce, Father is obligated to
pay Mother $6,500 per month in child support for their four children. In April
2007, Father filed a petition to modify the parent-child relationship, seeking
to reduce this amount.  After hearing
evidence pertaining to the parties’ income and the children’s expenses,[2] the
trial court set out the following in its order: 

(a) the monthly net resources of the obligor per month are in
excess of $7,500.00 (the income from [Father’s] medical practice in 2008 was
$476,721.00);

 

(b) the monthly net resources of the obligee
per month are $3,000.00;

 

(c) the percentage
applied to the obligor’s net resources for child support by the actual order
rendered by the Court is 35%, reducing as each child is emancipated per
statute;

 

(d) the amount of
child support if the percentage guidelines are applied to the portion of the
obligor’s net resources that does not exceed the amount provided by section
154.125(a), Texas Family Code, is as follows:

 

35% = $2,625.00

 

30% = $2,250.00

 

25% = $1,875.00

 

20% = $1,500.00;

 

(e) the specific reasons that the amount of child support per
month ordered by the Court varies from the amount stated in Subdivision (4) are
that the children’s proven needs exceed $2,625.00 per month.  The Court finds that the basic general needs
of the children are $5,810.00 per month. 
The Court finds that the specific proven needs of the individual
children are $1,210.00 per month.  The
Court finds that the total proven needs of the children are $7,020.00 per
month; [and]

 

. . . .

 

(g) pursuant to Section 156.126, Texas Family Code, the Court
finds that the total proven needs of the children are $7,020.00.  The Court finds that the presumptive award of
child support is $2,625.00.  The Court
allocates the award of child support over and above the presumptive award, as
follows:

 

$3,875.00 to [Father]

 

$   520.00
to [Mother]. 

 

 

          The trial court concluded that because
Father’s child support obligation was set at $6,500 per month, and because the children’s
needs exceeded that amount, it would not change the child support provisions in
the divorce decree.  The trial court also
adopted the following pertinent proposed findings of fact and conclusions of
law:

2.  The amount of child support ordered by the
Court is in excess of the amount provided for by the percentage guidelines;

 

          3. 
The Court finds that [Father]’s net income is as follows:

          a.  2005 (year of divorce) – medical
practice   $460,933.00

          b.  2008 – medical practice                              $476,721.00;

 

4.  The amount of net resources available to
[Father] per month is in excess of $7,500.00[;]

 

5.  The amount of net resources available to
[Mother] per month is $3,000.00;

 

. . . .

 

11.     The Court further finds that the amounts of
support of the children based upon their needs and best interest of the
children are as follows:

 

a.       Basic general needs of the children are
$5,810.00

per month as follows:

Housing                                                      $1,200.00

Utilities
                                                          $500.00

Food                                                               $800.00

Medications
(Uninsured)                                  $100.00

Transportation                                             $1,000.00

Counseling                                                        -0.00-

Tutoring                                                             -0.00-

School
Lunches                                              $160.00

Hair
Cuts & Miscellaneous grooming needs     $100.00

Clothing/cleaning                                            $350.00 

Medical
– including optometric (misc.) 

not covered by ins., included separately

Vacations                                                       
$500.00

Private
Schools                                                  -0.00-

Misc.
Expenses                                           $1,100.00

          

b.       Specific needs of the individual children
are $1,210.00 per month as follows:

 

[Child
1]

          Sports lessons/camps                           $50.00

          Additional sports equipment                   $20.00

          Additional medical (uninsured)              
$50.00

          College prep tests/trips                       $125.00

          Special school expenses                       $50.00

                                                                    $295.00

 

[Child
2]

          Sports lessons/camps                           $50.00

          Additional sports equipment                   $20.00

          Additional medical (uninsured)              
$60.00

          College prep tests                                 $25.00

          Special school expenses                       $50.00

          Car expenses                                        $20.00

                                                                    $225.00

 

[Child
3]

          Sports lessons/camps                        $350.00

          Sports/cheerleading equip./clothes         $80.00

          Optometric needs                                  $50.00

          Cheerleading expenses                         $40.00

                                                                    $520.00

 

[Child
4]

          Sports lessons/camps                          $120.00

          Additional clothes                                   $20.00

          Special school expenses                        $30.00

                                                                     $170.00

 

c.       Total support needs are $7,020.00 per
month.                            

 

 

After setting out the children’s itemized basic
general needs and individual specific needs, the court made the following
conclusions of law that Father now challenges:

3.  The Court finds that there have been no
material and substantial changes since the date of the Order’s rendition in
regards to the children or a person affected by the Order which would warrant a
reduction of child support.

 

. . . .

 

5.  In determining whether application of the
guidelines was unjust or inappropriate under the circumstances, the Court
considered evidence of all relevant factors, including factors set forth in
Section 154.123 of the Texas Family Code.

 

. . . .

 

10.  In comparing the needs of the children at the
time of rendition of the Order with the needs of the children at the time
modification is sought, there have been no material and substantial changes so
as to warrant modification of child support. 


 

III.  Discussion

          Father complains that the trial court
abused its discretion when it refused to reduce his child support obligation by
(1) considering evidence of Father’s and the children’s lifestyles, contrary to
family code section 154.126(a); (2) concluding that the children’s proven needs
were $7,020 per month; (3) failing to segregate portions of the housing,
utilities, food, and transportation costs to Mother, her new husband, and her
two step-children; (4) finding that there have been no material and substantial
changes since the rendition of the divorce decree that would warrant a
reduction of child support; and (5) ordering him to pay more than 100 percent
of the children’s proven needs, in violation of section 154.126(b).

A. Standard of Review

          We review a trial court’s refusal to modify
child support for an abuse of discretion. 
In re B.S.H.,
308 S.W.3d 76, 78 (Tex. App.—Fort Worth 2009, no pet.); In re P.J.H., 25 S.W.3d 402, 405 (Tex. App.—Fort Worth 2000, no
pet.).  If there is some probative
and substantive evidence to support the judgment, the trial court did not abuse
its discretion.  B.S.H., 308 S.W.3d at 78; P.J.H., 25 S.W.3d at 405.  An abuse of discretion does not occur when
the trial court bases its decisions on conflicting evidence.  In re Barber, 982 S.W.2d 364,
366 (Tex. 1998) (orig. proceeding).

A
trial court abuses its discretion if it misapplies the law to established
facts.  State v. Sw. Bell Tel. Co., 526 S.W.2d
526, 528 (Tex. 1975); In re Talco-Bogata Consol. Indep. Sch. Dist. Bond Election, 994 S.W.2d 343, 347 (Tex. App.—Texarkana 1999, no pet.).
 Legal and factual sufficiency of the
evidence are relevant factors in determining whether the trial court has abused
its discretion but are not independent grounds for asserting error.  In re A.J.J., No. 02-04-00265-CV, 2005 WL 914493, at *1 (Tex. App.—Fort
Worth Apr. 21, 2005, no pet.) (mem.
op.).

The
trial court’s findings of fact are reviewable for legal and factual sufficiency
of the evidence to support them by the same standards that are applied in
reviewing evidence supporting a jury’s answer. 
Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996); Catalina
v. Blasdel, 881 S.W.2d
295, 297 (Tex. 1994).  We may
sustain a legal sufficiency challenge only when (1) the record discloses a
complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
mere scintilla; or (4) the evidence establishes conclusively the opposite of a
vital fact.  Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998), cert. denied, 526 U.S. 1040
(1999); Robert W. Calvert, “No Evidence”
and “Insufficient Evidence” Points of Error, 38 Tex. L. Rev. 361, 362–63
(1960).  In determining whether there is
legally sufficient evidence to support the finding under review, we must
consider evidence favorable to the finding if a reasonable factfinder
could and disregard evidence contrary to the finding unless a reasonable factfinder could not. Cent. Ready Mix Concrete Co. v. Islas, 228 S.W.3d 649, 651 (Tex. 2007); City of
Keller v. Wilson, 168 S.W.3d 802, 807, 827
(Tex. 2005).

When
reviewing an assertion that the evidence is factually insufficient to support a
finding, we set aside the finding only if, after considering and weighing all
of the evidence in the record pertinent to that finding, we determine that the
evidence supporting the finding is so weak, or so contrary to the overwhelming
weight of all the evidence, that the answer should be set aside and a new trial
ordered.  Pool v. Ford Motor Co., 715 S.W.2d 629,
635 (Tex. 1986) (op. on reh’g); Garza v. Alviar, 395 S.W.2d
821, 823 (Tex. 1965); In re King’s Estate,
150 Tex. 662, 244 S.W.2d 660, 661 (1951).

B. 
Modification

A
trial court may modify a child support order on a showing that the
circumstances of a child or a person affected by the order “have materially and
substantially changed” since the order was signed.  Tex. Fam. Code Ann. § 156.401(a) (Vernon
2008); In re A.J.J., 2005 WL 914493,
at *1–2.  The party seeking to modify a
child support order has the burden to prove by a preponderance of the evidence
that a material and substantial change in circumstances has occurred.  In re Z.B.P., 109 S.W.3d 772, 781 (Tex. App.—Fort Worth 2003, no
pet.); Hoffman v. Hoffman, 805 S.W.2d
848, 851 (Tex. App.—Corpus Christi 1991, writ denied).  In a modification proceeding, the trial court
compares the financial circumstances of the child and the affected parties at
the time the support order was entered with their circumstances at the time the
modification is sought.  Holley v. Holley, 864
S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

We
initially note that because Father’s petition for modification was filed before
September 1, 2007, former section 154.126 governs the
child-support-modification request in this case.  See
Act of April 6, 1995, 74th leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 162–63 (amended 2007)
(current version at Tex. Fam. Code Ann. § 154.126 (Vernon 2008)).[3]
Former section 154.126 provides:

(a) If the
obligor’s net resources exceed [$6,000 per month], the court shall
presumptively apply the percentage guidelines to the [first $6,000 of the
obligor’s net resources].  Without
further reference to the percentage recommended by these guidelines, the court
may order additional amounts of child support as appropriate, depending on the income of the parties and
the proven needs of the child.

 

(b) The proper
calculation of a child support order that exceeds the presumptive amount
established for the [first $6,000 of the obligor’s net resources] requires that
the entire amount of the presumptive award be subtracted from the proven total
needs of the child.  After the
presumptive award is subtracted, the court shall allocate between the parties
the responsibility to meet the additional needs of the child according to the
circumstances of the parties.  However,
in no event may the obligor be required to pay more child support than the
greater of the presumptive amount or the amount equal to 100 percent of the
proven needs of the child.

 

Id. (emphasis added).

          

Though
the parties disagree on Father’s actual income, they do not dispute that his
income is greater than the $6,000 per month necessary to trigger section
154.126.[4]  Applying the percentage guidelines to the
first $6,000 of Father’s income results in presumptive child support amounts
below those contained in the trial court’s order:


 
 
 Presumptive
 Amount
 
 
 Trial
 Court’s Order
 
 
 
 
 35%
 = $2,100
 
 
 $2,625
 
 
 
 
 30%
 = $1,800
 
 
 $2,250
 
 
 
 
 25%
 = $1,500
 
 
 $1,875
 
 
 
 
 20%
 = $1,200
 
 
 $1,500
 
 


 

See Tex.
Fam. Code Ann. §§ 154.125, 154.126(a) (Vernon 2008).  The presumptive child support amounts listed
in the trial court’s order were based on the revised monthly income level of
$7,500 which took effect on September 1, 2007. 
Father’s petition for modification was filed on April 9, 2007.  Thus, the trial court misapplied the law to
Father’s income level before reaching its proven needs findings.

Notwithstanding
this error, because the trial court determined that the children’s needs had
not materially and substantially changed, our next step is to determine whether
the court abused its discretion by reaching this conclusion.  This requires comparing the children’s
current needs with those at the time of the divorce decree.  Father’s first, second, and third issues all
relate to the court’s determination of the children’s current proven needs. 

1. 
Consideration of Lifestyle Evidence 

          In
his first issue, Father challenges the court’s use of factors beyond those
listed in section 154.126 as indicated in conclusion of law number 5, arguing that
the trial court abused its discretion by considering evidence of Father’s and
the children’s lifestyles.

          Section 154.126(a) does not include
lifestyle in the two factors it delineates for consideration of child support
awards above the presumptive amount:  (1)
the proven needs of the children, and (2) the income of the parties.  Tex. Fam. Code Ann. § 154.126(a); see also Gray v. Nash, 259 S.W.3d 286,
291 (Tex. App.—Fort Worth 2008, pet. denied) (indicating that every word
excluded from a statute is presumed excluded for a purpose).  In evaluating section 154.126’s predecessor
statute, the supreme court limited consideration of
child support above the presumptive amount in high-income cases to those
factors expressly listed in the statute. 
See Rodriguez v. Rodriguez,
860 S.W.2d 414, 416–17 (Tex. 1993) (construing predecessor statute).  Therefore, lifestyle evidence cannot be
considered in determining a child support award above the presumptive amount
when the obligor’s net monthly resources are greater than $6,000.  See
id.; Lide v. Lide, 116 S.W.3d
147, 156 (Tex. App.—El Paso 2003, no pet.); see
also In re Gonzalez, 993 S.W.2d
147, 159 n.3 (Tex. App.—San Antonio 1999, no pet.) (holding that section
154.126 narrows the factors to consider in high-income child support cases); Scott v. Younts,
926 S.W.2d 415, 420 (Tex. App.—Corpus Christi 1996,
writ denied) (holding that while the court can consider a wide range of factors
in setting support obligations for obligors earning less than the $6,000
threshold, the trial court improperly considered factors outside of those
narrowly defined in section 154.126 for an obligor earning over $6,000 per
month); In re Marriage of Thurmond,
888 S.W.2d 269, 278 (Tex. App.—Amarillo 1994, writ denied) (reinforcing Rodriguez’s conclusion that “lifestyle”
could not be considered when awarding child support beyond the presumptive
level in cases where the obligor’s income rose above the statutorily designated
income level).

At
the hearing, the trial court overruled Father’s objections to questions about
how much he spent on travel expenses and allowed
Mother to question him about his travel habits and trips taken from 2006 to
2008.[5]  Father also objected to questions on
expenditures related to the children. 
Father’s allegation that the expenditures represented the children’s
lifestyle, not their needs, sparked a discussion with the trial court on the
factors relevant to its analysis, which concluded with the trial court stating,

It sounds like
you’re saying I cannot take into account his income, what the kids were used
to, the lifestyle they were accustomed to; all I can do is say his definition
of needs and it’s got to be less than this amount, and I can’t take into
account other factors that might be relevant to their situation in life. 

 

. . . .

 

I am going to
overrule your objection.  I’m not going
to find that I’m limited purely to your definition of “needs” and that I can’t
consider the financial condition of the person paying the child support, nor
can I consider the lifestyle to which he helped them become accustomed to prior
to the divorce, and that his definition of, quote, needs, is binding upon
me.  I’m not going to be that restrictive
in it.

 

So if that’s what
you’re telling me I need to do, I’m going to overrule your objection, and I
will sure try to follow the law but I don’t interpret the law as you have
outlined it with that limitation of his definition of “needs” and that
restrictive.

 

And
as set out in conclusion of law number 5, the trial court stated that in
determining whether application of the guidelines was unjust or inappropriate,
it considered evidence of all relevant factors, not just the two listed in
section 154.126.  Thus, even if the trial
court correctly exercised its discretion by rejecting Father’s definition of
“need” as being overly narrow, the record reflects that the trial court erred by
considering a factor—lifestyle—beyond those outlined in family code section
154.126(a).  See Tex. Fam. Code Ann. § 154.126(a); see also Lide,
116 S.W.3d at 156; In re Gonzalez, 993 S.W.2d at 159 n.3; Scott, 926 S.W.2d at 420; In
re Marriage of Thurmond, 888 S.W.2d at 278. 
We sustain Father’s first issue.

2. 
Proven Needs

In
his second and third issues, Father challenges the trial court’s needs
assessment, challenging finding of fact number 11 itemizing the children’s
needs and alleging that the trial court erred by including inappropriate items
in the supported children’s proven needs and by failing to segregate the
supported children’s expenses from Mother’s, her new husband’s, and her
step-children’s. 

a.  Parents’ Testimonies

Mother
testified that she had remarried and that two step-children occasionally
resided with her.  She further testified
that none of the current housing, utilities, food, or transportation expenses in
the divorce decree were allocated to her herself, her husband, or her
step-children; that her current husband does not contribute to the mortgage or
utility expenses; that the supported children’s transportation expenses,
originally $1,500 at the time of the divorce, now totaled $900 per month; that
the cost of vacations had decreased; and that she would have cable and internet
service regardless of the supported children’s presence.  She also noted that several expenses present
at the time of the divorce decree—maid service, counseling, tutoring, and
private school tuition—no longer existed.[6]  Additionally, she testified that her mortgage
payment, $3,000 at the time of the divorce decree, was now $1,775.[7]  She offered conflicting testimony as to what
portion of her current mortgage was attributable to the children, initially
testifying that eighty percent was attributable to the supported children, but
subsequently admitting her share of the monthly housing expense was $1,000.  Mother also admitted that even though the
divorce decree’s child-support award included clothing expenses, she required
Father to purchase a separate set of clothing for the children to keep at his
house because it was “too stressful” on the children to pack for each visit.[8]

In
defending the current support level, Mother stated that as the children have
grown older, their interests and activities have increased their support
needs.  Mother offered into evidence a
written summary of each child’s extracurricular sports, college preparatory
work, academic conference, and summer camp activities.  Father disputes that these activities are
“needs.”  Mother and Father both
testified to sharing the additional expenses related to the purchase,
maintenance, and registration fees of the two older boys’ cars, as well as the
expenses associated with extraordinary events for all four children such as
summer camps, conferences, or vacations with friends.

b.  Modification Order

The
trial court found the children’s proven needs to be $7,020 per month,
consisting of monthly “general needs” of $5,810 and “specific needs” of
$1,210.  The trial court’s order
contained schedules of the children’s general and specific needs, listing “basic
general needs” and “specific individual needs.” 
It listed basic general needs as housing, utilities, food, medications
(uninsured), transportation, counseling, tutoring, school lunches, haircuts and
miscellaneous grooming needs, clothing, medical (not covered by insurance),
vacations, and private schools, totaling $4,710,[9] in
addition to a category listed as “Misc. Expenses” for $1,100, for a basic
general needs total of $5,810 per month.  It also listed specific, individual needs for
each child, including sports lessons, camps, and equipment; college prep; uninsured
medical expenses; cheerleading; and others, amounting to $295, $225, $520, and
$170 respectively, and totaling $1,210 per month.

c.
 Mother’s Failure to Segregate Expenses

Mother
admitted that the housing, food, utility, and transportation expenses she
submitted included those of herself, her new husband, and her
step-children.  The record
contains a copy of Mother’s mortgage statement indicating that she pays $1,775
per month for housing.  The trial court
allocated Mother a portion of that amount, $1,200 per month, for the children’s
housing.  Mother also testified that she
spent $1,200 per month on groceries, that her husband purchases separate
groceries for her step-children, and that she attributes $200 per month of the
grocery bill to herself.  The trial court
allocated $800 per month towards the children’s food.  Therefore, there is evidence of substantial
and probative character to support the trial court’s order that housing and
food expenses are segregated in the current support schedule.

But
the trial court failed to require Mother to segregate the children’s
particularized needs as to transportation and utilities from those of Mother,
her new husband, and her step-children.  See Lide, 116 S.W.3d
at 158 (indicating that the trial court’s finding was not supported by the
record when the requesting parent failed to segregate, itemize, or explain the
particularized needs of the children); see
also Nordstrom v. Nordstrom, 965 S.W.2d 575, 579–80 (Tex. App.—Houston [1st
Dist.] 1997, pet. denied), cert. denied,
525 U.S. 1142 (1999) (indicating Mother’s conflicting testimony as to whether
the child’s portion of expenses were segregated from the Mother’s was
insufficient to support Mother’s request to increase child support).  Thus, the trial court abused its discretion by
awarding Mother the full amount of these items.

d.
 Children’s General Needs 

          Family code section 154.126 instructs
the trial court to consider the parties’ income and the children’s proven needs
when assessing support above the presumptive level in high-income cases.  Tex. Fam. Code Ann. §
154.126(a).  The children’s needs
are not limited to “the bare necessities of life.”  Rodriguez,
860 S.W.2d at 418 n.3. 
The trial court must determine what the needs are on a case-by-case
basis by following the “paramount guiding principle: the best interest of the child.” 
Id.; see also Scott, 926 S.W.2d at 420 (indicating that the child’s best
interest should be the guiding principle for determining the children’s needs).  Additionally, the children’s needs must be
supported by evidence and must be explained or itemized.  Lide, 116 S.W.3d
at 158.

The
record supports the trial court’s removal of the counseling, tutoring, and
private school expenses.  The net change
in removing or reducing these items ($1,012) represents approximately a
fifteen-percent decrease from the support amount originally specified in the
divorce decree ($6,500).  This reduction
is effectively offset by the $1,100 per month that the trial court attributed
to “Misc. Expenses.”  The miscellaneous expense
category is not supported by any pleading or evidence.  Mother testified to the increased expenses
associated with the children’s changed needs and interests, but the trial court
accounted for those expenses when it determined each child’s specific individual
needs.  Even given the trial court’s broad
discretion in determining the children’s needs, because there is no record that
Mother requested, itemized, or explained the 
“Misc. Expenses,”  the trial court
could not have reasonably construed the $1,100 allocated to them as a “proven need.”
 See
Lide, 116 S.W.3d at 158 (indicating that reversal is required when
the obligor’s net resources exceed $6,000 per month and the obligee
fails to segregate, itemize, or explain expenses related to the children).  Therefore, the trial court abused its
discretion in finding the “Misc. Expenses” as a proven need.

e.
 Children’s Specific Needs

Father
also challenges the items outlined in the children’s specific-needs schedule,
asserting that the expenses represent the children’s interests but do not rise
to the level of need.  The law does not require
expert testimony to determine if a child’s need exists.  See
Scott, 926 S.W.2d at 421.  The trial court, as sole judge of the
credibility of witnesses, may choose whether to believe a particular
witness.  See Fanning v. Fanning, 828 S.W.2d 135, 150 (Tex. App.—Waco 1992), aff’d in part, rev’d in
part and remanded on other grounds, 847 S.W.2d 225 (Tex. 1993).  And, even though the “needs of the child” are
not so expansive as to encompass the most extravagant
demands, the court is given broad discretion to determine the needs of the
child.  Scott, 926 S.W.2d at 422.  Mother testified about the additional
expenses involved with the children’s increased interests and activities.  Therefore, because Mother’s testimony
provides substantive and probative evidence supporting its findings, we cannot
conclude that the trial court abused its discretion by including expenses
related to the children’s extracurricular, sporting, or interest-related
activities in its child-support modification order.  See
id.; see also In re Pecht, 874 S.W.2d 797, 802 (Tex. App.—Texarkana 1994, no writ)
(recognizing that as children age, their interests expand and can become more
expensive); Hoffman, 805 S.W.2d at 851
(same).

Finally,
Father complains that the trialcourt erred by
including uninsured medical expenses in the children’s specific needs.  Father claims that the modification order
essentially overrules the divorce decree’s order that the couple share these
expenses, that the expenses should not be part of the monthly court ordered
support, and that the expenses amount to a double recovery by Mother and the
order awards Mother relief for which she did not plead.

The
original divorce decree addressed the children’s uninsured medical expenses in
a section separate from the one defining the monthly child support
obligation.  Specifically, the divorce
decree requires that the parties share expenses related to uninsured medical
and dental care.[10]  The children’s “Specific Needs Schedule”
incorporated into the trial court’s modified child support order includes
uninsured medical expenses for two of the children. 

Because
the original divorce decree and the parties’ testimonies reflect that the
children’s uninsured medical expenses were already being met, the expense could
not reasonably be considered a proven need of the children as required by
family code section 154.126(a).  See
Tex. Fam. Code Ann. § 154.126(a); see
In re J.A.H., 311 S.W.3d 536, 543–44
(Tex. App.—El Paso 2009, no pet.) (denying a request to modify child support
because the needs of the children were already being met).  And, as the family code contemplates support
above the presumptive amount for the children’s proven needs in high income cases, inclusion of these expenses
without modification of the original divorce decree’s reimbursement clause
results in a windfall for Mother by alleviating her responsibility for these
expenses. Therefore, including the children’s uninsured medical expenses was an
abuse of the trial court’s discretion.  See id.;
cf. Warren v. Warren, No.
13-05-00429-CV, 2008 WL 668213, at *5 (Tex. App.—Corpus Christi Mar. 13, 2008,
no pet.) (mem. op.) (holding that the family code contemplates an exact dollar
amount based on proven needs and any award of additional child support above
that results in a windfall in the form of double recovery).  

For
the reasons stated above, we conclude that the trial court abused its
discretion when it determined the children’s proven needs, and we sustain
Father’s second and third issues.

IV.  Conclusion

Having concluded that the
trial court abused its discretion by using an incorrect income threshold in its
analysis and by improperly considering lifestyle evidence; by requiring
duplicative reimbursement for uninsured medical expenses; and by failing to
require that Mother segregate the expenses associated with herself, her new
husband, and her step-children in determining the proven needs of the supported
children, we sustain Father’s first, second, and third issues.[11]  We reverse the trial court’s order and remand
this case for further proceedings consistent with this opinion.

 

                                                                             
 
 
 
 
 
 
 
 
 BOB MCCOY

                                                                             
 
 
 JUSTICE

 

PANEL:  
 
 
 
 
 
 
 LIVINGSTON, C.J.; 
 
 
 
 
 
 MCCOY; and 
 
 
 
 
 
 MEIER, JJ.    

 

DELIVERED:  November 24, 2010











[1]See Tex. R. App. P. 47.4.





[2]Specific
portions of the relevant testimony are set out below. 





[3]The
2007 amendment changed, among other things, the monthly net-resource amount
from $6,000 to $7,500.  See Tex. Fam. Code Ann. § 154.125 (Vernon 2008).  





[4]Even
though Father contends that his income is decreasing, the amount he claims is
well above that necessary to trigger the narrow assessment and limited factors
of section 154.126. 





[5]Mother
argued that Father’s expenses were relevant to his complaint that his income
was being reduced while he was still living a “lavish lifestyle, and claiming
poverty.” 





[6]Mother’s
interrogatory responses indicated that tutoring and housekeeping services had
ended, but she testified that subsequent to discovery, some level of tutoring
had resumed and that she had since hired a cleaning lady.  





[7]Mother
stated that the $1,775 that she supplied in discovery prior to the trial was
not accurate, but she failed to supplement her responses prior to the
hearing.  Mother had apparently moved
since the divorce, stating “There was no way I could have stayed in the house I
was in and afford it . . . .”  





[8]The
monthly clothing allowance at the time of the divorce was $300,
Mother testified that she now spends $500 and that Father “rarely” buys the
children’s clothes.  Father disputed this
claim, indicating that Mother’s actions forced him to purchase a separate set
of clothing for each child and that he routinely supplements the children’s
wardrobes above and beyond what is necessary to support their visitation with
him.  





[9]Counseling,
tutoring, and private schools were each listed as costing $0.





[10]Though
the original divorce decree outlines six distinct circumstances related to
payment for the children’s uninsured medical and dental care, the parties do
not dispute that, for the most part, it directs Father to pay seventy-five
percent of the children’s uninsured medical expenses and fifty percent of the
children’s dental expenses. 





[11]Based on our
disposition of Father’s first, second, and third issues we do not reach
Father’s fourth and fifth issues.  See Tex. R. App. P. 47.1; In re C.C.J., 244 S.W.3d 911, 918 (Tex.
App.—Dallas 2008, no pet.) (indicating that, unless
the record contains both historical and current evidence, the court cannot
determine whether a material and substantial change has occurred).