**Michael Davis SCOTT, Appellant,**

v.

**Shirley Elaine YOUNTS, Appellee.**

No. 13–94–487–CV.

Court of Appeals of Texas,
Corpus Christi.

July 11, 1996.

Rehearing Overruled Aug. 15, 1996.

William A. Dudley, Cook, Dudley & Associates, Corpus Christi, for Appellant.

Ann E. Coover, Coover & McCrossin, Corpus Christi, for Appellee.

Before YAÑEZ, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

YAÑEZ, Justice.

Michael D. Scott brings this appeal contesting the modification of his child support obligations. The trial court increased the appellant's monthly child support obligations from $700 to $2500 based on changes in the needs and circumstances of the child and other parties affected by the child support order. We affirm.

Mr. Scott ("appellant") and Shirley Elaine Younts ("appellee") were never married, but had a child, Elaine Marie, out of wedlock. Mr. Scott did not provide any support to the child for the first two years of her life. After the child turned two years old, Mr. Scott was ordered to pay child support in the amount of $300 per month, which was subsequently increased to $700 per month. Mr. Scott did not have visitation rights to the child at any time, but he apparently did make timely payments. In March 1994, Ms. Younts filed suit again, seeking to modify the existing child support order. Ms. Younts stated in her motion that the existing order was no longer in compliance with the Family Code,[1] and that an increase in support would be in the child's best interests. In a cross action, Mr. Scott moved to be appointed possessory conservator of the child.

After hearing testimony on each motion, the trial court on June 17, 1994, appointed appellant as possessory conservator with certain restrictions, and also ordered him to pay $2,500 per month in support of his daughter. The court based the modification of support on 1) the proven needs of the child, 2) the ability of the parents to contribute, and 3) the amount of possession and access to the child. The court did not quantify or delineate what the proven needs of the child were. Appellant moved for reconsideration, and in the alternative moved for a new trial on both orders. The court granted a hearing on his motion regarding possession and access, but denied rehearing the support modification.

---

1. The sections of the Family Code pertaining to child support were recently recodified by the legislature. Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 282. The child support provisions are currently located in Chapters 154 and 156 of Tex. Fam.Code Ann. (Vernon Supp. Pamph.1996). However, at the time the trial court entered its order, the applicable law was located in § 14 of the Code. Subsequent references to the Code will be to the relevant sections as they appeared when the court order was imposed.

After the hearing on appellant's motion, the court on September 30, 1994, vacated the original order, and modified the possession order. With regard to the support order, the court maintained the $2,500 per month support order and added that it found the total proven needs of the child to be $3,250 per month.

Appellant requested that the court make findings of fact and conclusions of law pursuant to the Family Code § 14.057. In response, the court made numerous findings regarding the child's needs and the financial status of each parent. It found that appellant's net monthly resources were approximately $25,240 per month, and Ms. Younts' net monthly resources were $900. The court also found most of the mother's requests to be needs of the child, and calculated the proven needs of the child at $3200 per month.[2] The court then allocated responsibility between the parents in meeting those needs as follows: Ms. Younts would provide $700 per month, and Mr. Scott would pay $2,500 towards those needs. Appellant requested the court to make specified additional findings of fact and conclusions of law, but the court declined to do so.

By six points of error, appellant challenges the court's modification of his support obligations. In points one through three, appellant alleges that the trial court abused its discretion in increasing the child support from $700 to $2500 per month. He also alleges that the court erroneously considered appellant's history of voluntary support provided, as well as the increased needs, standard of living, and lifestyle of the child's custodial parent as factors in calculating appellant's obligations. In points four and five, appellant complains about the adequacy of the findings entered by the court, and the sufficiency of the evidence to support those findings. In his sixth point, appellant contends the court erred in refusing to supersede its judgment and stay enforcement pending appeal.

The issue on appeal is whether the trial court properly applied the law to the facts of this case in setting the child support order. Appellant contends that the court did not follow the procedures dictated by the Family Code for modifying the support order, and therefore the order should be either reversed and rendered, or reversed and remanded. Essentially, appellant complains that the appellee merely presented the court with a wish list of things for her child, and because the appellant was wealthy enough to pay for them, the court ordered the support increased beyond what the Code permits. Thus, we must first consider how support orders may be modified when an obligor's net resources exceed $6000 per month, and second, we must determine whether the court acted within the parameters provided by the Family Code.

## THE FAMILY CODE

The Family Code permits courts to modify child support orders whenever there has been a material and substantial change in the circumstances of the child, or a person affected by a support order, and the modification is in the best interests of the child. TEX. FAM.CODE ANN. §§ 14.08 & 14.056(a).[3] In determining whether a material and substantial change in circumstances warrants a modification, courts may refer to the child support guidelines listed elsewhere in the Code. Id. § 14.056. The Code also specifically prevents courts from considering certain things as grounds for modification: namely, any increase in needs, standard of living or lifestyle of obligee, any history of voluntarily provided support, and net resources of new spouses. Id. § 14.056(a),(b) & (c).

The "guidelines" referred to in § 14.056 instruct the courts to consider various factors when ordering child support, based in part on the net resources and abilities of the parties, as well as the needs of the child. Id. §§ 14.052(b) & 14.054. A court may deviate

---

2. Although the court's calculation of the needs of the child was approximately $742 less per month than Ms. Younts' calculation of $3,942.29, the court did not specifically discount any of the items which she asserted to be actual needs of the child.

3. Current version at §§ 156.401 through 156.405. TEX. FAM. CODE ANN. (Vernon Supp. Pamph.1996).

from the guidelines when their application would be inappropriate or unjust under the circumstances. *Id.* § 14.055(a).

■ The Code provides a bifurcated analysis in setting child support, depending on whether an obligor has net monthly resources below or above $6,000. Although the court may consider a wide range of factors in setting support obligations for persons who earn less than $6,000 in net monthly resources, the Code provides a much narrower method for calculating the support obligation when an obligor's net monthly resources exceed $6,000, as they do in this case. *Id.* § 14.055. At the time the motion for modification was filed, and the decision rendered, the relevant provision of the Code read as follows:

Section 14.055 GUIDELINES: AMOUNT ORDERED

(c) In situations in which the obligor's net resources exceed $6,000 per month, the court shall presumptively apply the percentage guidelines in Subsection (b) of this section [4] to the first $6,000 of the obligor's net resources. *Without further reference to the percentage recommended by these guidelines,* the court may order additional amounts of child support as appropriate depending on the income of the parties and the proven needs of the child. *The proper calculation of a child support order that exceeds the presumptive amount ... requires that the entire amount of the presumptive award be subtracted from the proven needs of the child.* After the presumptive award is subtracted, the court shall allocate between the parties the responsibility to meet the additional needs of the child according to the circumstances of the parties.[5]

(emphasis added). In other words, the court must first determine what the proven needs of the child are. If the needs of the child exceed the presumptive award, the court must subtract the presumptive award from those needs. The presumptive award for a single child would be 20% of the first $6,000 of the obligor's net monthly resources, or $1,200. TEX. FAM.CODE ANN. § 14.055(b). Any support ordered in excess of $1,200 may only be based on the unmet needs of the child. The court may consider the circumstances of the parties in allocating the burden of meeting the child's needs in its support order.

STANDARD OF REVIEW

■ A trial court has discretion to set child support within the parameters established by the child support guidelines set forth in the Family Code. *Rodriguez v. Rodriguez,* 860 S.W.2d 414, 415 (Tex.1993). A trial court's decision in this regard will not be overturned unless a clear abuse of discretion is shown. *Id.*; *Hoffman v. Hoffman,* 805 S.W.2d 848, 851 (Tex.App.—Corpus Christi 1991, writ denied). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). The appellate court may not substitute its judgment for that of the trial court, even if it would have reached a different result. *See Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223 (Tex.1991).

THE EVIDENCE

At the hearing, Ms. Younts testified about the current needs of the child. She also presented the court with two lists: 1) a list of her current expenditures [6] and 2) a list of items which she believed would either be necessary or beneficial to her daughter, but which she could not currently afford.[7] Ap-

4. Subsection (b) instructs the court to presumptively apply support guidelines based on the number of children and the net monthly income of the obligor. For example, one child would presumptively be entitled the 20% of obligor's net resources, two children would be entitled to a total of 25% of obligor's net resources, *et cetera.*

5. Current version located at TEX. FAM.CODE ANN. § 154.126 (Vernon Supp. Pamph.1996).

6. This list included food, clothes, utilities, automobile, and entertainment expenses. It also included expenses such as home repairs and taxes, birthday and Christmas expenses, and day-care.

7. This list included monthly expenses for housekeepers ($250), travel ($250), private school tuition ($250), a college fund ($500), a horse ($150), counseling ($100), extracurricular activities ($200), educational books ($75), and summer

pellant did not specifically object to the presentation of either of these lists or their contents during the hearing. Ms. Younts also testified that she had lost her job, was doing temporary work, and that her savings had dwindled in the years preceding the suit due to her child's increasing expenses. The court also heard evidence regarding the appellant's gross income, which, in the year preceding the hearing, totaled $436,400.

■ We now consider whether the court acted within the parameters of the Code, or whether, as the appellant contends, the court abused its discretion in ordering him to pay $2,500 per month of child support. In this case, appellant's monthly income was determined by the court to be $25,240.32, well above the $6,000 threshold. Therefore, the statutorily authorized presumptive award would be $1,200 (20% of $6,000). Appellant does not contest that a support order of this amount would be warranted. He does contest the award of child support beyond this $1,200 threshold. By law, an award in excess of the presumptive award must be based on the unmet needs of the child only. *Rodriguez*, 860 S.W.2d at 417. The needs of the child, however, is not limited to "the bare necessities of life." *Id.* at 417 n. 3; *Thomas v. Thomas*, 895 S.W.2d 895, 896 (Tex.App.—Waco 1995, writ denied). Rather, it is an ambiguous term which has never been defined by the Code, and consequentially has been left for the courts to determine in their discretion on a case-by-case basis.

■ Of the three reasons cited by the court for diverging from the guidelines listed in Section 14.055(b), (the proven needs of the child, ability of the parents to contribute, and possession and access to the child), only the first two are listed in § 14.055(c) as permissible reasons. Clearly, the child's unmet needs would justify an increase in support over the guidelines. And 14.055(c) states that the court may consider the income of the parties in setting support orders. However, nowhere is the possession and access to the child listed as a ground for increasing court-ordered support in excess of the presumptive amount. Although it is listed as a factor to be considered in support orders *below* the $6000 threshold, section 14.055(c) specifically states that the award above that threshold is to be determined "without further reference to the guidelines." Therefore, insofar as the court relied on that as a basis for increasing support, it erred to the extent it acted without reference to the law.

■ We must consider whether the court's error had any practical effect on the order. In other words, we look to see whether the support order can be affirmed based solely on the two factors which were properly recited: 1) the proven needs of the child, and 2) the ability of the parents to pay. If the proven needs of the child are equal to or greater than the amount of child support ordered, then the decision of the trial court can not be considered an abuse of discretion. *See* TEX. FAM.CODE ANN. § 14.055(c); *Thomas*, 895 S.W.2d at 898.

■ Appellant contends, both in points one and five, that the evidence does not support finding any needs requiring more than $1200 per month. In particular, appellant contends that the evidence was legally and factually insufficient to support findings that private school, counseling, summer camp, extracurricular activities, and a special pet were needs of the child.[8] Errors prem-

---

camp ($200). The monthly total for these 'desired' items alone amounted to approximately $2000 per month.

**8.** In reviewing a no evidence point, we consider only the evidence and inferences that, when viewed in their most favorable light, tend to support the finding, and we disregard all evidence to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988). If there is more than a scintilla of evidence, the no evidence point fails. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). In reviewing a factual insufficiency point, we examine all of the evi-

dence. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986). A factual insufficiency point succeeds only if a finding is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict upon special issues. *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex.App.—Houston [14th Dist.] 1993, no writ). The court's findings of fact are not conclusive, however, when the record contains a complete statement of facts. *Swanson*

ised on the insufficiency of the evidence are not segregable from an abuse of discretion point of error. *Thomas*, 895 S.W.2d at 896; *In re Pecht*, 874 S.W.2d 797, 800 (Tex.App.—Texarkana 1994, no writ); *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex.App.—Houston [1st Dist.] 1993, no writ). Whether there was any evidence to support the court's order is a relevant consideration in determining if the trial court abused its discretion. *See Beaumont Bank*, 806 S.W.2d at 226. Therefore, we will consider the sufficiency of the evidence in our analysis of points one through three.

The court appears to have relied on the testimony of the appellee, who was the only witness to testify that the child's needs exceeded the amount provided by the existing order. Ms. Younts presented an uncontroverted list of current monthly expenses on the child totaling $2067.29 per month. She also presented a list of things which she desired for her child, but was not able to afford. This list amounted to $1,800 per month.

Ms. Younts testified that her daughter had some emotional problems resulting from the absence of a father in her life, and that she had been the subject of jokes at school. She presented a letter written by the child to appellant which suggested that the child felt unwillingly estranged from her father. Ms. Younts also testified that she did not have the funds to allow her daughter to undergo counseling or participate in various extracurricular activities which might help her self-esteem, and were appropriate for a girl her age.

The court also heard testimony regarding the child's good performance in school and her desire to attend college. Appellee explained, however, that she could not afford to send her daughter to private school, which she believed would help her self-esteem, and was unable to save any money towards college. Ms. Younts also explained that she

believed summer camp and other extracurricular activities were necessary to develop the child's self-esteem.

On cross-examination, Ms. Younts admitted that some of the items on the list were things she felt her daughter deserved, rather than needed. She also testified that some of the things she requested for her daughter were things which she believed appellant had provided to his children from another marriage, and therefore should be required to provide to this daughter. Mr. Scott testified that he did not believe in counseling, and that he believed that any child should be able to live on $1200 per month.

■ Appellant contends that the appellee's testimony alone is not sufficient to warrant finding any needs in excess of the presumptive amount. He would require expert testimony on every asserted need in order to justify a finding that private school or extracurricular activities are needs. *See In re Pecht*, 874 S.W.2d 797, 801–02 (Tex.App.—Texarkana 1994, no writ)(testimony of licensed psychologist familiar with children provided sufficient evidence as to their 'special' needs). The law does not require a movant seeking child support modification to go this far, however. Rather, the Code gives an expansive view of the needs of a child, emphasizing that a child's best interests should be the guiding principle. *Thomas*, 895 S.W.2d at 897. Needs of the child encompass more than absolute necessities. *Rodriguez*, 860 S.W.2d at 417 n. 3.

■ The child's mother is in the best position, as managing conservator, to explain the needs of the child. The trial court, as sole judge of the credibility of witnesses, may choose whether to believe a particular witness. *See Fanning v. Fanning*, 828 S.W.2d 135 (Tex.App.—Waco 1992, aff'd in part, rev'd in part and remanded in part on other grounds, 847 S.W.2d 225 (Tex.1993)). There are certain items which appellee requested which were either not supported by the evidence as needs,[9] or insupportable as a

---

*v. Swanson*, 148 Tex. 600, 228 S.W.2d 156, 158 (1950).

9. For example, the following testimony was offered as support for appellee's assertion that the child needed a "special pet."

Q: Has she indicated to you anything about a horse?
A: She would love a horse.
Q: She's asked for that?
A: She has a dog, a—about a six-pound poodle.
Q: Are you able to afford that?

matter of law.[10] We do not now state that "needs of the child" can encompass even the most extravagant demands. We are reluctant to recognize a child's need for a special pet as a compelling justification to increase support above the presumptive guidelines without some evidence.

However, given the broad discretion allowed to courts to determine the needs of the child, we cannot conclude that the court abused its discretion in setting the support order at $2500. Clearly, the evidence on the current expenses for the child amounted to $2067. *See Thomas*, 895 S.W.2d at 897 (court modified support where movant introduced household budget based on expenses for prior year as evidence of increased needs). Adding expenses for private school ($250 per month), extracurricular activities ($200 per month), and summer camp ($200 per month), the proven needs of the child exceed $2700. Although these items are not bare necessities, we cannot say that they are contrary to the best interests of the child. The evidence supports a findings of the child's proven needs of an amount between $2067 and $3166.[11] The court is allowed to allocate the support of the child between parents based on the circumstances of the parties. Tex. Fam.Code Ann. § 14.055(c). Therefore, because $2,500 a month is less than 100 percent of the proven needs of the child, and is within the calculations required by the Code, we cannot say that the court abused its discretion. *Thomas*, 895 S.W.2d at 898. Appellant's first point is overruled.

By his second point, appellant contends that the trial court erroneously considered his history of voluntary support in excess of court-ordered support as a basis for increasing his child support obligation. This contention is not supported by the record. While it is true that the Code prohibits a court from considering voluntary support in excess of existing obligations,[12] there is no reason to believe that was done in this case. In fact, there was no evidence that appellant ever paid any support in excess of his obligations. Rather, Ms. Younts testified about his failure to support the child at all during her first two years of life. The only evidence involving appellant's voluntary payments pertained to the support he provided for his children by another marriage. However, the court does not cite appellant's history of support as a reason for increasing the support order.

The court made certain findings regarding the amount of money the appellant provided to his other daughters from a prior marriage. Such findings were relevant to the court's decision to allocate the expenses of raising the child once it determined what the child's needs were. Section 14.055(c) of the Family Code allows the court to order additional support "as appropriate depending on the incomes of the parties," and later states that the allocation of responsibility of raising the child is permitted "according to the circumstances of the parties." We conclude that the court was within its discretion in considering the appellant's income and past expenditures as they were probative as to his circumstances, and useful in calculating what his current obligations should be. Appellant's second point is overruled.

By his third point, the appellant contends that the court erroneously relied on changes in the lifestyle and needs of the mother in setting the support award, con-

---

A: The dog?
Q: The horse.
A: Oh, yeah—no, not the horse.

This does not constitute legally sufficient proof of a child's needs.

10. The court cannot compel a parent to provide a college fund in the amount of $500 per month, because, barring a written agreement by each parent stating otherwise, child support orders are only valid until the child either graduates from high school or turns eighteen years old, whichever occurs later. *See* Tex. Fam.Code Ann. § 14.05(a).

11. We derived the $3,166 figure by adding the stated monthly costs for the items which the court found to be needs (minus the cost for the horse): current expenses ($2,041), private school ($250), counseling ($100), books ($75), summer camp ($250), extracurricular lessons ($200), and a maid ($250).

12. Tex. Fam.Code Ann. § 14.056(b)(now codified at § 156.403)(Vernon Supp. Pamph.1996).

trary to the direction of the Family Code.[13] In support of this point, appellant cites the court's findings regarding Ms. Younts' diminished monthly income, and her inability to afford certain requested items for her child.

We find nothing in the record or in the court's findings to substantiate this point. All the evidence presented suggested that Ms. Younts' lifestyle had actually become more restrained as a result of losing her job and the resulting dwindling of her savings. Although there was testimony and the court made findings regarding the need for a housekeeper and yardman, the evidence clearly reflected that they were not affordable to Ms. Younts at the time (although she had employed similar help in the past). The evidence actually illustrated the standard of living and lifestyle of Ms. Younts had declined. Therefore, any findings in this regard do not conflict with section 14.056(c) of the Family Code. Moreover, the court's conclusion that the circumstances of Ms. Younts have materially and substantially changed do not contravene the restrictions of 14.056(c). In fact, such conclusions are actually required by the Code as the basis for modifying a support order. TEX. FAM.CODE ANN. §§ 14.08 & 14.056(a). Appellant's third point is overruled.

By his fourth point, appellant challenges the adequacy of the findings of fact and conclusions of law entered by the court. Scott argues that the findings and conclusions are vague and ambiguous. Appellant complains that, based on the findings provided by the court, he is unable to ascertain which, if any, of the considerations offered by the movant were proven needs of the child.

■ The Family Code requires a court, upon written request, to enter certain findings in any support action in which the amount of support is set or modified. TEX. FAM.CODE ANN. § 14.057(a). In particular, the court shall find that applying the guidelines would be unjust and inappropriate, and shall state the following in the child support order:

(1) the amount of net resources available to the obligor per month is $___;

(2) the amount of net resources available to the obligee per month is $___;

(3) the amount of child support payments per month that is computed if Section 14.055, Family Code, is applied is $___;

(4) the percentage applied to the obligor's net resources for child support by the actual order rendered by the court is ___%; and

(5) the specific reasons that the amount of support per month ordered by the court varies from the amount computed by applying the percentage guideline pursuant to Section 14.055, Family Code, are: ___.

*Id.* § 14.057(b). The Code does not require the court to delineate every need of the child. Rather, it is required to state specific reasons why the application of the guidelines is inappropriate. The court did so.

■ The order contained in the transcript does not specifically state that the application of the guidelines would be unjust or inappropriate. Otherwise, it recites the statutory language verbatim, calculating appellant's resources at $25,240.32, appellee's resources at $900, the child support payments computed by § 14.055 at $2500, the percentage applied to appellant's net resources at 10%, and reasons for varying from the guidelines. The reasons provided were the proven needs of the child (calculated to be $3,250 per month), the amount of possession and access to the child, and the ability of the parents to contribute. Section 14.055(c) clearly allows the court to consider the income of the parties and their relative circumstances. As stated above, the court erred by considering the possession and access to the child as a reason for diverging from the presumptive guidelines, but this error does not warrant a reversal of the court's order.

With regard to the needs of the child, the court made the following findings on that point:

12. The child has trouble adjusting to her circumstances without a visible father in

---

13. Section 14.056(c) of the Family Code states that "an increase in the needs, standard of living, or lifestyle of the obligee does not constitute cause to increase the obligor's child support obligation." (now codified at TEX. FAM.CODE ANN. § 156.405 (Vernon Supp. Pamph.1996)).

her life and has been the victim of jokes and embarrassing comments. She needs extra support, care, and insulation from embarrassment for her welfare.

14. The average monthly expense for the child (after prorating of shared expenses for the mother) of this suit incurred in the past ... total $2,041.79.[14]

15. The child needs the structure and self-esteem that a private school could provide. The school costs $250.00 per month. She needs encyclopedias that cost $75.00 monthly and has asked for a horse that costs $150.00 monthly.

16. The child needs counselling that costs $100.00 per month.

17. Tumbling and cheerleading lessons cost $200.00 monthly and have been requested by the child, but cannot be paid for on current child support or income of the mother.

18. Shirley Elaine Younts is a working mother who plays the role of both parents to the child. She has had a housekeeper in the past but cannot afford one now. The housekeeper costs $500.00 per month; the child's share of this expense is $250.00 monthly.

19. Shirley Elaine Younts desires to save $500.00 toward the college needs of the child.

23. The total needs of the child are $3,250.00

In addition to these findings, the court made the following "conclusions of law":

6. The fact that no visitation or contact with the child has ever occurred is a compelling circumstance in this case. It creates a special and extraordinary circumstance that makes private school, summer camp, counselling, a special pet, and private extracurricular lessons appropriate and necessary for this child.

7. Other relevant factors in addition to the resources of the parents are the amount of visitation exercised herein and the special needs of the child:

1) extraordinary educational expense of private school;

2) counselling needed; and

3) summer camp for self-esteem.

We conclude that the court's findings in reference to the needs of the child are adequate to apprise the appellant of the basis for its calculation of the total needs of the child. While not every finding and conclusion is worded in the same manner, the court nonetheless provided sufficient basis to decipher those items which it found to be needs, as the total cost of the items listed in the findings exceed the $3,250 finding. Point four is overruled.

In his fifth point, appellant contends that not all of the court's findings as the child's needs are supported by legally and factually sufficient evidence. We need not address this point, as we have already determined that the court did not abuse its discretion in setting the support order at $2500 per month.

In his sixth point, appellant asserts that the court erred by refusing to allow appellant to supersede the court's judgment and stay enforcement of its order pending appeal. At the hearing on the motion to suspend, appellant offered to pay appellee the presumptive amount of $1200 directly, and deposit the remaining $1300 of the order into the court's registry pending appeal. The court denied this request. Appellant maintains that the court's refusal is irreparable and was an abuse of discretion.

Section 11.19(c) of the Family Code provides the trial court with discretion in determining whether or not to suspend a judgment pending appeal in a suit affecting the parent-child relationship. *Wright v. Wright*, 867 S.W.2d 807, 817 (Tex.App.—El Paso 1993, writ denied). If the court had granted appellant's motion, more than half of the money which it had ordered to be provided for the support of the child would remain in the court's custody throughout the appeal of the case. Given the nature of the order, the court's decision to deny appellant's superse-

---

**14.** The court simply listed every "current" expense offered by the mother as her expenses on the child.

deas motion and allow the child to benefit from needed support was not an abuse of discretion. Appellant's sixth point is over-ruled.

The judgment of the trial court is AFFIRMED.